IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Glenn James, #310987,  ) | C/A No.: 1:15-3112-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Anthony Glenn James is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 9, 10, 13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by November 12, 2015. [ECF No. 11]. Petitioner filed a timely response. [ECF No. 14]. After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Procedural Background

Petitioner was indicted by the Charleston County grand jury during the November 2004 term of court for armed robbery (2004-GS-10-7542), burglary first degree (2004-

1

GS-10-7543), and possession of a weapon during the commission of a violent crime ("gun charge") (2004-GS-10-7544). [ECF No. 10-2]. Petitioner was represented by Martha Kent-Jenkinson, Esq., and pled guilty on August 29, 2005, before the Honorable R. Markley Dennis, Jr., Circuit Court Judge. [ECF No. 10-3]. Judge Dennis sentenced Petitioner to concurrent terms of 18 years for armed robbery and burglary and 5 years for the gun charge. *Id.* at 44–45. Petitioner did not file a direct appeal.

On January 17, 2006, Petitioner filed an application for post-conviction relief ("PCR") (2006-CP-10-0164) in which he alleged claims of ineffective assistance of counsel, due proves violations, and that his attorney withheld *Brady* material. [ECF No. 10-5]. A PCR evidentiary hearing was held before the Honorable John C. Few, Circuit Court Judge, on September 14, 2007, at which Petitioner and his counsel, William Runyon, Esq., appeared. [ECF No. 10-7]. On November 12, 2007, Judge Few filed an order of dismissal. [ECF No. 10-8].

Pursuant to a February 11, 2011, Consent Order Granting Belated PCR Appeal Pursuant to *Austin* and Dismissing All Other Claims, Petitioner was given "thirty (30) days from the receipt of written entry" of that Order to file his notice of appeal. [ECF No. 10-22]. Petitioner attempted to file an untimely pro se "Notice of Intent to Appeal and Motion for Appointment of Appellate Counsel" [ECF Nos. 10-9 and 10-10], which was dismissed. [ECF No. 10-10]. The remittitur issued on May 4, 2011. [ECF No. 10-11].

Petitioner filed a second PCR application (2008-CP-10-4194) on July 23, 2008, in which he raised the following claim for relief: "Ineffective assistance of counsel: Appellate Counsel failed to provide me with copy of my Guilty Plea transcript. Appellate

2

Counsel failed to induce issue 'hands of one, hands of all' after I presented this to him while under oath during my P.C.R. testimony." [ECF No. 10-13 at 3]. The Honorable Deadra L. Jefferson, Circuit Court Judge, issued a Conditional Order of Dismissal on March 20, 2009. [ECF No. 10-17].

On March 26, 2009, Petitioner submitted a pro se document captioned "Applicant's Objections to Respondent's Motion to Dismiss," asserting the following reasons he was entitled to an evidentiary hearing:

1. Applicant's prior PCR counsel did not comply with Rule 71.1 (d), S.C. R. Civ. Pro.
2. Applicant's prior PCR counsel did not amend the application.
3. Applicant's prior PCR counsel did not provide crime scene pictures.
4. Plea counsel failed to file a Motion to Dismiss charges on grounds of "hand of all, hand of all."
5. Plea counsel failed to file a Motion to Suppress Waiver of Miranda Rights.

[ECF No. 10-18].   Petitioner subsequently filed a "Motion for Post-Conviction Relief Bond Setting & to Amend PCR" and "Applicant's Reasons Why Conditional Order of Dismissal Should Not be Final, And Motion for Evidentiary Hearing, and Motion to Amend PCR Application." [ECF Nos. 10-19 and 20].

By order filed June 16, 2009, the court dismissed the second PCR application, but Judge Jefferson vacated her order on February 9, 2011, dismissed the 2008 PCR application, and granted Petitioner a belated appeal of the denial of his first PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) (providing belated appellate review where petitioner alleges in successive PCR application that he expressed a desire to appeal his first denial, but that counsel timely failed to do so). [ECF Nos. 10-21, 10-22).

Petitioner filed a third PCR application (2009-CP-10-6165) on September 28, 2009, in which he raised the following grounds for relief:

1. "Ineffective assistance of counsel; Trial Court did not advised[sic] me of steps to take in order to secure appellate review."
2. "Belated Appeal; I did not freely and voluntarily waive my appellate rights to indictment #'s [to which he pled]."
3. "Austin Review: I did not freely and voluntarily waive my appellate rights to PCR judgment of C/A #: 06-CP-10-0164."

[ECF Nos. 10-24 at 4; 10-28]. Judge Jefferson filed a Conditional Order of Dismissal on March 30, 2010. [ECF No. 10-26]. The Honorable Kristi L. Harrington, Administrative Judge, filed a Final Order of Dismissal on April 22, 2011. [ECF No. 10-27].

Petitioner filed a fourth PCR application (2012-CP-10-2202) on March 30, 2012, in which he raised a ground for relief of "*Austin* Review/Belated Appeal Review," arguing his belated appeal to his first PCR hearing was dismissed in error by the Supreme Court of South Carolina and that he had complied with the statute of limitations. [ECF Nos. 10-29 at 49; 10-33]. Then-Chief Administrative Judge Jefferson filed a Conditional Order of Dismissal on October 4, 2012. [ECF No. 10-31]. The Honorable Stephanie P. McDonald, Administrative Judge, filed a Final Order of Dismissal on August 13, 2014 [ECF No. 10-32].

Petitioner filed a fifth PCR Application (2013-CP-10-5104) on August 29, 2013, and alleges the following:

1. "Invalid Arrest Warrants (Newly discovered Evidence)"
   a. "By Letter dated July 8th, 2013, I found out the Affiant of my arrest warrants [was not] present at my bond hearing."
2. "Illegal Arrest (Newly discovered Evidence)"

4

      a.      "By letter dated July 8th, 2013, I found out that arrest warrants were illegally issued against me by fraud committed upon the court."

  3.    "Destruction of Evidence (Newly discovered Evidence)"

      a.      "By letter dated July 8th, 2013, I found out that destruction of evidence took place against me with evidence favorable of my defense."

  4.    "Fraud upon the Court by the Police (Newly discovered Evidence)"

      a.      "By letter dated July 8th, 2013, I found out that the female at my bond hearing singed someone else's name on my arrest warrants."

[ECF No. 10-34].

On or about July 22, 2015, the State filed its return, a motion to dismiss, and a motion to restrict future filings. [ECF No. 10-35]. Petitioner subsequently filed a pro se "Petition for Emergency Habe[a]s Corpus Relief" and "Motion to Proceed In Forma Pauperis," which were assigned a new civil action number (2015-CP-10-1614) and treated as a sixth PCR application. [ECF No. 10-36, 10-37]. In it, he raised the following issues"

  1)    Due to the fact that Charleston County [does not] have a November Term of Court, petitioner was indicted by the 9th Judicial Circuit Solicitor's Office in clear absence of authority to convene a Grand Jury out of General Sessions Court terms for Charleston County

  2)    Due to the fact that Charleston County [does not] have an August Term of Court, petitioner was convicted and sentenced by Charleston county Court of General Sessions in clear absence of authority to open court out of General Sessions Court terms for Charleston County.

[ECF No. 10-36].

A hearing convened on these *pro se* motions before the Honorable Roger E. Henderson, Circuit Court Judge, who filed an Amended Order of Dismissal on September 10, 2015, dismissing Petitioner's *pro se* "Petition for Emergency Habe[a]s Corpus

5

Relief" with prejudice, relieving Jim Falk as counsel, and ordering Petitioner to proceed with any additional filings *pro se* through his fifth PCR application. [ECF No. 10-38]. Petitioner filed a motion to reconsider that order on September 28, 2015. [ECF No. 10-37].

On the fifth PCR Application, Judge Harrington filed an Order Restricting Future Filings on July 27, 2015, restricting Petitioner from filing without payment of the requisite fee, concluding:

> Applicant's allegations and accusations have become increasingly frivolous and meritless. The Applicant continues to waste the time and resources of the Charleston County Clerk of Court's Office, the Chief Administrative and Presiding Judges in the Ninth Circuit, the South Carolina Attorney General's Office, numerous appointed attorneys of Charleston County and surrounding Bars, court personnel, and the South Carolina Supreme Court.

[ECF No. 10-39].

On July 27, 2015, Judge Harrington also filed a Conditional Order of Dismissal. [ECF No. 10-40].

On August 4, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-2 at 2].[1]

---

[1] The petition was received and docketed by the court on August 7, 2015. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the McCormick Correctional mailing system on August 4, 2015. [ECF No. 1-1 at 1].

II.  Discussion

   A.  Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**  Indictment numbers 2004-GS-10 (7542) (7543) (7544), my conviction, and my sentence are void and unenforceable.

Supporting Facts: I was indicted on [November 8th, 2004] for the above (3) indictments, during the November 2004 Term of Court. However, there is no such thing as a November Term of Court for Charleston County General Sessions. Only January, March, May, September, and December. I was convicted and sentenced on August 29th, 2005. However, again, there is no such thing as an August Term of Court for Charleston County. Therefore, all of the proceedings took place at a time unauthorized by law, which make all of the above proceedings void and unenforceable. These are considered special terms. However, only the Chief Justice of S.C. can schedule special terms of Court, but she didn't schedule the above.

**Ground Two:**  The North Charleston Police Department Committed fraud upon the Court at my Probable Cause Hearing, to ensure I was held to bail for the above charges.

Supporting Facts: The North Chas. Police Dept. (N.C.P.D.) committed fraud upon the Court at my probable cause hearing by (1) lying to the Judge about William J. Moore being a witness to the charges against me, (2) Officer Kenyatta Jenkins signed someone else's name on my arrest warrant affidavits or brought them to Court presigned by someone else, to avoid prosecution for the perjured information contained in the arrest warrant affidavits. Being that Off. Jenkins was the prosecuting officer at my bond hearing, she was an acting officer of the Court. Therefore, she was obligated to ensure the affidavit was true and she was obligate to put [her] signature on the affidavits. Failure to due so is Extrinsic fraud.

**Ground Three:**  The 9th Judicial Circuit Solicitor's Office for Charleston County Committed Fraud upon the Court at my preliminary hearing to ensure I was held to bail for the above charge.

|  |  |
|---|---|
|  | Supporting Facts: On September 1st, 2004, the 9th Circuit Solicitor's Office had suborn the perjury of N.C.P.D. by presenting arrest warrant affidavits that they knew, [or] should have known, contained false information. And Officer Kenyetta Jenkins was the prosecutor against me at my bond hearing but someone else's signature is located on my arrest warrant affidavits. Either Off. Jenkins forged someone else's signature on my arrest warrant affidavits or she brought them to presigned by someone else to avoid prosecution for the false information contained in the affidavit. |
| **Ground Four:** | The 9th Circuit Solicitor's Office Committed fraud upon the Court by filing True Billed indictments [without] actually convening a Grand Jury. This is also perjury. |
|  | Supporting Facts: I made a Jinks Act request for my pre-trial transcripts but the 9th Circuit Solicitor's Office had failed to disclose my Grand Jury Convening transcript. I made a Rule 34 Production Request for my Grand Jury convening transcript in Late 2008, during my second PCR, but the State had refuse to disclose the Grand Jury transcript. I made a Third Request on 8-20-13 and I was told Grand Jury Convenings often does not take place at the same time as General Sessions terms. It was an irrelevant response because I still should have been able to receive the transcript no matter when they convened. However, due to the fact that the State of South Carolina was over evaisive, no convening had actually hap[pened]. |

ECF No. 1-1 at 5–10 (errors in original).

    B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that

8

a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

 C. Analysis of AEDPA Bar

  1. AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
>  (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> 
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

9

>      been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

11

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

        2.      Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because

Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner's conviction became final September 8, 2005—ten days after his August 29, 2005, guilty plea. *See* Rule 203, SCACR (setting a ten day limit in which to appeal after sentence and requiring certain documents to accompany the notice of appeal); *Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (conviction becomes final upon expiration of time for seeking direct review in state court). His federal time began to run the following day, September 9, 2005, until Petitioner filed his first PCR application on January 17, 2006, after a lapse of 130 days, leaving 235 days of untolled time.

Petitioner was granted a belated appeal of his initial PCR application as a result of pro se claims made during his second PCR action. [ECF No. 10-22]. The statute of limitations remained tolled until April 15, 2011, when the South Carolina Supreme Court

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

13

issued its order of dismissal of the pro se notice of appeal from the PCR court's November 12, 2007, order of dismissal. *Magwood v. Patterson,* 561 U.S. 320 (2010) (citing *Panetti v. Quarterman,* 551 U.S. 930, 947 (2007) (the bar applied to second or successive habeas applications does not apply to second applications raising a claim that was not available at the time of petitioner's first PCR)). Petitioner had until December 6, 2011, to file his federal habeas petition, but waited until August 4, 2015—over three years too late. Because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. Petitioner's tardiness in filing this petition does not suggest that he has diligently pursued his rights. Petitioner

appears to seek habeas relief, inter alia, on the ground that his filing of successive PCR actions entitles him to equitable tolling. Petitioner alleges that the statute of limitations is "not applicable to void and unauthorized judgments," which are the basis of his present claims for relief. [ECF No. 6-1 at 13]. Petitioner further alleges that his claims for relief are a result of "newly discovered evidence" and that he did bring "issues before the State Courts in a timely manner, but the State Courts refused to accept jurisdiction." *Id.*

Petitioner's filing of his successive PCR applications did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

Not only has Petitioner not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling, he has failed to demonstrate an extraordinary circumstance.

          b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

The undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance"

15

kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations. *Cullen v. Pinholster*, --- U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) ("review under § 2254(d) (1) is limited to the record before the state court that adjudicated the claim on its merits").

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 9] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 8, 2016  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).