IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony Glenn James, | ) | |
| | ) | C/A No. 1:15-3112-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Anthony Glenn James' ("James") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On January 8, 2016, Magistrate Judge Shiva Hodges filed a Report and Recommendation recommending Respondent's motion for summary judgment (ECF No. 9) be granted and the petition denied. (ECF No. 16). On January 21, 2016, James timely filed objections to the Report (ECF No. 18).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The magistrate judge determined that James' habeas petition was barred by the one-year statute of limitations under the AEDPA and that James is not entitled to equitable tolling.  (Report at 12-16).  In his objections, James contends that his conviction is invalid and null and void, and, therefore, this habeas action cannot be barred by the statute of limitations.  Presumably, James is arguing that if his conviction was never valid, it never started the clock running on the statute if limitations. However, this is simply not the law - as such an argument does not explain James's failure to seek timely federal habeas review. *See Saunders v. Clarke*, C/A No. 3:11cv170, 2012 WL 1580427, at *1 (E.D.Va. May 4, 2012). *See also Sherman v. Thaler*, C/A No. H-09-1409, 2010 WL 1994348, at *2 (S.D.Tex. May 17, 2010) (stating that "[a]lthough a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself"); *Randall v. Director*, C/A No. 2:07-CV-0204, 2008 WL 2128231, at *2 (E.D.Tex. May 16, 2008) (holding a petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void").

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Therefore, the court adopts the Report and Recommendation (ECF No. 16).  Accordingly, Respondent's Motion for Summary Judgment (ECF No. 9) is **GRANTED**; and the petition is **DENIED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                          s/Timothy M. Cain
                                          United States District Judge

Anderson, South Carolina
February 4, 2016